JS-6

GREENBERG TRAURIG, LLP
GREGORY A. NYLEN (SBN 151129)
DANIELLE N. DECOU (SBN 208809)
2450 COLORADO AVENUE, SUITE 400E
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:  nyleng@gtlaw.com; decoud@gtlaw.com

BEN D. TOBOR *(admitted pro hac vice)*
ANTHONY F. MATHENY *(admitted pro hac vice)*
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1800
Houston, TX 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505
Email: toborb@gtlaw.com; mathenya@gtlaw.com

Attorneys for Plaintiff
FAROUK SYSTEMS, INC.

**UNITED STATES DISTRICT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| FAROUK SYSTEMS, INC.,<br>        Plaintiff,<br><br>v.<br><br><br>PRINCESS SILK, L.L.C.; CINDY VIRK d/b/a/ PRINCESS SILK; LADOU STYLE, INC.; PAUL VIRK,<br>        Defendants. | CASE NO. SACV07-1190 JVS (MLGx)<br><br>**[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116]**<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

1

Plaintiff, FAROUK SYSTEMS, INC., ("Plaintiff") having commenced this action for an injunction and other relief against, *inter alia*, and defendants PRINCESS SILK, L.L.C.; CINDY VIRK, individually and d/b/a/ PRINCESS SILK; LADOU STYLE, INC.; and PAUL VIRK (collectively "Settling Defendants"), pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of California, for the reason that Settling Defendants are alleged to be engaged in manufacturing, importing, distributing, offering for sale, and/or selling, among other things, of products that bear counterfeits and/or imitations of Plaintiff's trademarks as described and defined in the First Amended Complaint (the "FSI Trademarks"); and

Settling Defendants, having entered into a Settlement Agreement with Plaintiff and having stipulated to entry of an Agreed Final Judgment and Permanent Injunction; and the parties, having indicated below their consent to the form and entry of this Agreed Final Judgment and Permanent Injunction on Consent (the "Judgement"),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has subject matter jurisdiction over this matter and personal jurisdiction over Settling Defendants.

2. The Court shall retain jurisdiction over Settling Defendants for purposes of interpretation and enforcement of this provisions of this Judgment, including any future questions of its violation by one or more of the Settling Defendants.

3. Plaintiff's claims against Defendant PAUL VIRK are dismissed with prejudice.

4. Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. are permanently enjoined from advertising, promoting, representing, offering for sale, or selling any hair care product bearing, displaying, or advertising under: (a) the trademark CHI; (b) the trademark CHI of U.S. Trademark Registration No. 2,660,257; U.S. Trademark Registration No. 3,107,769; U.S. Trademark Application Serial No. 78/524,660; and/or

of U.S. Trademark Application Serial No. 76/512,597; (c) the trademark ULTRA CHI of U.S. Trademark Application Serial No. 78/622,448; (d) the trademark CHI NANO of U.S. Trademark Application Serial No. 77/055,581; or (e) and (d) the word mark BIOCHI shown in U.S. Trademark Application Serial No. 77/265,353 (collectively the "Farouk Systems Trademarks), unless such hair care products are obtained by Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. from Farouk Systems, Inc.

5. Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. are permanently enjoined from advertising, promoting, representing, offering for sale, or selling any hair care product as being sponsored by, associated with, affiliated with, or connected to Farouk Systems, Inc., unless such hair care products are obtained by Defendants PRINCESS SILK L.L.C., CINDY VIRK, Individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. from Farouk Systems, Inc.

6. Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. are permanently enjoined from representing to the public that PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and/or LADOU STYLE, INC. are authorized by Farouk Systems, Inc. to promote, advertise, sell, or offer for sale any hair care product bearing, displaying, or advertised under the Farouk Systems Trademarks.

7. Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. are permanently enjoined from advertising, promoting, selling, offering for sale, or in any other way representing to the public that any hair care products, not originating from Farouk Systems, Inc., are associated with, sponsored by, connected with, or affiliated with Farouk Systems, Inc.

8. The portion of the Preliminary Injunction on Consent as to Defendants PRINCESS SILK, L.L.C. and CINDY VIRK d/b/a PRINCESS SILK entered October 17, 2007, and the portion of the Temporary Restraining Order, Seizure Order, Order

Restraining Transfer of Assets, Order to Show Cause for Preliminary Injunction, Order for Expedited Discovery and Order Sealing File entered October 9, 2007, enjoining Defendants, their corporate parents, subsidiaries, directors, officers, agents, servants, employees, representatives, confederates, and affiliates and any other persons or entities acting in concert or participation with Defendants, and any banks, savings and loan associations or other financial institutions (including, without limitation, Washington Mutual), or agencies which engage in the transfer of real property, or anyone who receives actual notice of this order from transferring, disposing of, or secreting any money derived from Defendants' counterfeiting activities pending the disposition of this action is hereby lifted, and that all bank accounts previously frozen, including, without limitation, Defendants' Washington Mutual accounts, shall be unfrozen and Defendants shall disperse the funds from Defendants' previously frozen bank accounts in accordance with the Settlement Agreement between the Parties.

9.  The corporate surety bond, cash or certified check in the amount of twenty thousand dollars ($20,000) posted by Plaintiff as required by the Temporary Restraining Order, Seizure Order, Order Restraining Transfer of Assets, Order to Show Cause for Preliminary Injunction, Order for Expedited Discovery and Order Sealing File entered October 9, 2007, is hereby released.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

Plaintiff shall be entitled to recover the Settlement Amount of eleven thousand three hundred thirty-nine dollars and seven cents ($11,339.07) by release of the monies currently restrained at Washington Mutual Bank (Account No. 30900001002928 in the name of Princess Silk LLC in the amount of $1352.20; Washington Mutual Bank Account No. 30900004523210 in the name of Princess Silk LLC in the amount of $318.06; and Washington Mutual Bank Account No. 30900004523442 in the name of Cindy Virk in the amount of 9,668.81).

///

///

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**
HOU 406,437,920v1

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

Final judgment is entered against Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. in the amount of eighty-eight thousand six hundred and sixty dollars and ninety-three cents ($88,660.93) (the "Judgment Amount") as damages awardable under 15 U.S.C. § 1117, and that Defendants PRINCESS SILK L.L.C., CINDY VIRK, individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. are jointly and severally liable to Plaintiff for the Judgment Amount.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

This Judgment is binding on Defendants PRINCESS SILK L.L.C., CINDY VIRK, Individually and doing business as PRINCESS SILK, and LADOU STYLE, INC. their representatives, successors, and assigns.

Dated:  September 30, 2008        By: _____
                                       Honorable James V. Selna
                                       United States District Judge


Respectfully submitted by:

GREENBERG TRAURIG, LLP


By: /s/ Gregory A. Nylen
      Gregory A. Nylen

      Attorneys for Plaintiff
      FAROUK SYSTEMS, INC.

5
**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**
HOU 406,437,920v1